*United States v. Matthews*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                     21-2503

DEANDRA BLOSCHICHAK, AKA Tash, AKA Tosh,

> *Defendant*,

JOHN MATTHEWS, AKA Jay, AKA Gotti,

> *Defendant-Appellant*.

_____

For Appellee:                          NICHOLAS J. PINTO, New York, NY.

For Defendant-Appellant:      NATASHA M. FREISMUTH and Sandra S. Glover, *on the brief*, Assistant U.S. Attorneys (for Vanessa Roberts Avery, United State Attorney District of Connecticut).

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant John Matthews appeals from his judgment of conviction in the United States District Court for the District of Connecticut for conspiracy to distribute and to possess with the intent to distribute fentanyl and heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). The district court sentenced Matthews to 136 months' imprisonment and four years' supervised release. On appeal, Matthews challenges the reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review sentencing decisions for procedural and substantive reasonableness." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). Our review of a sentence is "akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (citation omitted). We find substantive error "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). We find procedural error where, *inter alia*, the district court "makes a mistake in its Guidelines calculation," "does not consider the [18 U.S.C.] § 3553(a) factors," or "fails adequately to explain its chosen sentence." *Id.* at 190.

Matthews argues that the district committed procedural error by failing to consider the

harsh conditions of his incarceration during the COVID-19 pandemic as a factor supporting a lower sentence.   We are unpersuaded.   "[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her [or him], unless the record clearly suggests otherwise."   *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 346–51 (2007).   That "presumption is especially forceful when, as was the case here, the sentencing judge makes abundantly clear that she [or he] has read the relevant submissions and . . . considered the § 3553(a) factors."   *Id.*   Matthews has failed to identify anything in the record to rebut this presumption.   We thus decline to find procedural error on this ground.

Matthews's contention that the district court placed undue weight on factors already considered by the Guidelines—namely his criminal history and his flight from the police at the time of his arrest—is similarly unpersuasive.   The court effectively imposed a sentence of 168 months' imprisonment, accounting for Matthews's 32 months of pretrial detention.   As the district court noted, this was a sentence "in the upper part of the [Guidelines] range" of 140 to 175 months, but "not at the very top of the range."   App'x 106.   We have held that "[w]hen a factor is already included in the calculation of the Guidelines sentencing range, a judge" may "rely on that same factor to impose a sentence above or below the range" as long as they "articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the Guidelines calculation."   *United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007) (alteration omitted).   It thus follows, *a fortiori*, that a court may rely on such factors in imposing a sentence at the upper end of the Guidelines range.   And, here, the district court clearly articulated its reasons for concluding that Matthews's past conduct militated in favor of a longer sentence, noting Matthew's particularly concerning pattern of past conduct and concluding that he is "an individual

from whom society needs to be protected." App'x 105. Accordingly, we do not think that the district court procedurally erred in relying on these factors in imposing its sentence.

Finally, to the extent Matthews argues that his sentence is substantively unreasonable, we disagree. Although we have declined to adopt any presumption that a within-Guidelines sentence is reasonable, we have held that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Bryant*, 976 F.3d 165, 181 (2d Cir. 2020) (quoting *Fernandez*, 443 F.3d at 27). This is such a case. The district court's 136-month sentence, which falls below the top of the Guidelines range even accounting for Matthews's additional 32 months of pretrial detention, is not "shockingly high" in light of the seriousness of his offense, his pattern of similar behavior, and the other factors cited by the district court. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). There is thus no basis upon which to find the sentence substantively unreasonable.[1]

\*   \*   \*

We have considered Matthews's remaining arguments and conclude they lack merit. We therefore **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we hold that Matthews's challenge to the substantive reasonableness of his sentence fails on the merits, we need not consider the government's contention that Matthews waived any argument that a sentence below 175 months is substantively unreasonable.

4